THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J. DEARINGER, *et al.*, | CASE NO. C21-0060-JCC |
| Plaintiffs, | ORDER |
| v. | |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. Plaintiffs were granted leave to proceed *in forma pauperis* on January 21, 2021. (Dkt. No. 4.) The Court must dismiss an *in forma pauperis* complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Dismissal can [also] be based on the lack of a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiffs allege that Mr. Dearinger suffered a paralytic stroke after taking Cialis, a drug

1 manufactured by Defendant Eli Lilly and Company. (Dkt. No. 5 at 2–3.) Mr. Dearinger and his
2 wife now seek to assert negligence and loss of consortium claims against Eli Lilly and Company.
3 (*Id.* at 4–5.)

4      Plaintiffs fail to state a claim upon which relief may be granted because they do not plead
5 a cognizable legal theory. Washington's Product Liability Act, Chapter 7.72 RCW, "is the
6 exclusive remedy for product liability claims." *Macias v. Saberhagen Holdings, Inc.*, 282 P.3d
7 1069, 1073 (Wash. 2012). "It supplants all common law claims or actions based on harm caused
8 by a product." *Id.* This includes "common law actions for negligence." *Wash. State Physicians*
9 *Ins. Exch. & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1066 (Wash. 1993). Therefore, Plaintiffs may
10 not bring a negligence claim or loss of consortium claim against Eli Lilly and Company for harm
11 caused by Cialis. If Plaintiffs wish to sue Defendant Eli Lilly and Company for harm from Cialis,
12 they must assert a claim under the Washington Product Liability Act.

13      Because the complaint fails to state a claim upon which relief can be granted, the Court
14 must DISMISS the complaint. However, the Court dismisses the complaint without prejudice
15 and with leave to amend. That means Plaintiffs may revise their complaint to assert a claim
16 under the Washington Product Liability Act. If Plaintiffs wish to do so, they must file an
17 amended complaint within 21 days of the date of this order.

19      DATED this 16th day of February 2021.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE