THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J. DEARINGER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | CASE NO. C21-0060-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff David Dearinger's motion to appoint counsel (Dkt. No. 19). Having considered the motion and the relevant record, the Court DENIES the motion.

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) but should do so "only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether exceptional circumstances justify the appointment of counsel, the Court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Mr. Dearinger argues there are exceptional circumstances here because he is paralyzed on his left side and can type with only two fingers on his right hand, which allows him to type, at the fastest, at 15 words per minute. (Dkt. No. 19 at 3–4.) In addition, he alleges that the Snohomish County Law Library, Edmonds Community College Library, and the Gallagher Law Library at the University of Washington are unavailable to him due to COVID-19 and he is unfamiliar with several of the legal doctrines Eli Lilly cited in its motion to dismiss. (*Id.* at 4.)

Pharmaceutical product liability claims are among the most complex claims that the Court sees, and the Court has no doubt that Mr. Dearinger's paralysis and his limited access to legal materials is impacting his ability to litigate this case. Despite these limitations, Mr. Dearinger has done an admirable job representing himself. His filings are much clearer than the typical *pro se* litigant, and, in some cases, they are clearer than filings by lawyers. Further, after filing this motion, Mr. Dearinger filed a nine-page motion to certify an issue related to the learned intermediary doctrine to the Washington Supreme Court. (*See* Dkt. No. 20.) That motion contains several relevant citations, suggesting that Mr. Dearinger has been able to access legal materials despite his limited access to the public libraries. Because Mr. Dearinger has shown that he can articulate his claims clearly despite his *pro se* status, the Court does not find appointment of counsel appropriate here.

Another significant factor motivating the Court's decision is that the Court is doubtful that an attorney will take Mr. Dearinger's case. Although courts often refer to motions under 28 U.S.C. § 1915(e)(1) as motions to appoint counsel, the statute does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants"). The Court has adopted a plan for recruiting counsel to represent indigent litigants *pro bono*, but only plaintiffs in "civil rights actions" are eligible. *See* W.D.

ORDER
C21-0060-JCC
PAGE - 2

Wash. General Order 16-20, https://www.wawd.uscourts.gov/sites/wawd/files/GO16-20AmendedProBonoPlan.pdf. A private product liability action likely does not qualify as a civil rights action. Even if it did, Mr. Dearinger reports that he has contacted several attorneys with product liability experience over the past several months, but they have all declined to take his case. (Dkt. No. 19 at 2–3.) Given that several attorneys with relevant experience have declined to take his case despite the prospect of potentially recovering a contingency fee, the Court is doubtful that an attorney will volunteer to take the case for free.

Although the Court denies the motion to appoint counsel, the Court will afford Mr. Dearinger additional time to respond to Eli Lilly's motion to dismiss in light of his physical limitations and his limited access to legal materials. Accordingly, the Court EXTENDS Mr. Dearinger's deadline to respond to Eli Lilly's motion to dismiss until Tuesday, June 1, 2021 and DIRECTS the Clerk to renote the motion for consideration on Friday, June 4, 2021.

DATED this 20th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-0060-JCC
PAGE - 3