THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                     AT SEATTLE

9    DAVID J. DEARINGER, et al.,                    CASE NO. C21-0060-JCC

10                        Plaintiffs,               ORDER

11              v.

12   ELI LILLY AND COMPANY,

13                        Defendant.

14

15          This matter comes before the Court on Plaintiffs' motion to compel the production of

16   documents (Dkt. No. 42). Having thoroughly considered the briefing and the relevant record, the

17   Court DENIES the motion for the reasons explained herein.

18          Plaintiffs David and Ganna Dearinger filed a complaint *pro se* alleging Mr. Dearinger

19   suffered a paralytic stroke after taking the medication Cialis manufactured by Defendant. (Dkt.

20   No. 10.) Plaintiffs assert claims for liability under the Washington Product Liability Act and

21   common law. (*Id.* at 7–12.) On September 16, 2022, the parties held a Rule 26 conference

22   telephonically but have yet to finalize a Joint Status Report or Discovery Plan. (Dkt. No. 43 at 2,

23   8.)

24          Plaintiffs now move the Court to enter an order compelling Defendant to comply with

25   Plaintiffs' Requests for Production ("RFPs"). (Dkt. No. 42.) Plaintiffs state they have served the

26   RFPs on Defendant twice, but Defendant has ignored the requests. (Dkt. No. 42 at 4.) In

1   response, Defendant states that Plaintiffs' RFPs were served improperly over email and that

2   Plaintiffs made no attempt to meet and confer before filing their motion to compel. (Dkt. No. 43

3   at 2, 4.)

4       A motion to compel "must include a certification that the movant has in good faith

5   conferred or attempted to confer with the person or party failing to make disclosure or discovery

6   in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A good faith effort to

7   confer requires a face-to-face meeting or a telephone conference. LCR 37(a)(1). If a movant fails

8   to include a certification, a court "may deny the motion without addressing the merits of the

9   dispute." *Id.* The meet and confer requirement encourages parties to work together to resolve

10  discovery conflicts before involving the Court. Here, Plaintiffs have failed to certify that they

11  attempted to meet and confer with Defendant before filing this motion to compel.

12      Additionally, discovery papers are "required to be served on a party, unless the court

13  orders otherwise." Fed. R. Civ. P. 5(a)(C). Rule 5(b)(2) outlines various methods to effectuate

14  service including by mail, by filing with the court's electronic-filing system, or "by any other

15  means that the person consented to in writing." Plaintiffs' attempts to email their RFPs do not

16  constitute proper service because they have not obtained Defendant's written consent to do so.[1]

17  Because Plaintiffs have not properly served the RFPs, the Court cannot compel Defendant to

18  respond at this time.[2]

19      For the foregoing reasons, Plaintiffs' motion to compel (Dkt. No. 42) is DENIED.

20  *//*

21  ――――――――――――――――

22  [1] Defendants appear to indicate they would be willing to enter into an electronic service
23  agreement pursuant to Rule 5(b)(2)(F). (Dkt. No. 43 at 6.) Although not obliged to do so,
    Plaintiffs may consider entering into such an agreement to avoid future issues related to service.

24  [2] Plaintiffs state in their reply that they have mailed the RFPs to Defendant. (Dkt. No. 45 at 5.)
25  However, because Defendant had not yet been served at the time this motion to compel was
    filed, the Court will give Defendant an opportunity to reply prior to any Court intervention.

26

ORDER
C21-0060-JCC
PAGE - 2

1    DATED this 7th day of December 2022.

2

3

4

5

6    John C. Coughenour
     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C21-0060-JCC
PAGE - 3