THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J. DEARINGER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | CASE NO. C21-0060-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff David Dearinger's motion to appoint counsel (Dkt. No. 63.) Having duly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons described below.

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)[1] but should do so "only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether exceptional circumstances justify the appointment of counsel, the

---

[1] Although courts often refer to motions under 28 U.S.C. § 1915(e)(1) as motions to appoint counsel, the statute does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent pro se litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")

ORDER
C21-0060-JCC
PAGE - 1

Court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, Mr. Dearinger argues that appointment of counsel is necessary for him to hire an expert witness. (Dkt. No. 63.) But this is not a basis, alone, for the Court to appoint counsel. It has adopted a plan for recruiting counsel to represent indigent litigants *pro bono*, but it only pertains to plaintiffs in "civil rights actions." *See* W.D. Wash. General Order 16-20.[2] Plaintiff is not putting forward a civil rights claim. (*See* Dkt. No. 37.)

Accordingly, Plaintiff's motion to appoint counsel (Dkt. No. 63) is DENIED.

DATED this 11th day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] https://www.wawd.uscourts.gov/sites/wawd/files/GO16-20AmendedProBonoPlan.pdf.